IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 19-160 |
| ) | ELECTRONICALLY FILED |
| MARVIN PORTER ) | |
| ) | |
| Defendant.   ) | |

**MEMORANDUM ORDER OF COURT**

AND NOW, this 3rd day of July, 2025, the Court DENIES Defendant's *pro se* Motion for Early Termination of Supervised Release (ECF 338).

Having considered the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), the Court finds that early termination of Defendant's 4-year mandatory term of supervised release is an integral part of Defendant's sentence for distributing more than 700 grams but less than one kilogram of heroin. Defendant's complete compliance with the terms of his supervised release is part of his sentence which serves "as a means of rehabilitation[,]" *United States v. Sheppard,* 17 F.4th 449, 454 (3d Cir. 2011), and "generally, early termination of supervised release under § 3583(e)(1)" is proper "only when the sentencing judge is satisfied that new or unforeseen circumstances" warrant it. *U.S. v. Melvin,* 978 F.3d 49, 53 (3d Cir. 2020).

In support of this conclusion, the Court notes that Defendant pled guilty to being involved in the distribution of heroin, an extremely addictive, Schedule I drug. Firearms and ammunition – specifically, 12 boxes of ammunition, two shotguns, one rifle, and two handguns – were recovered from Defendant's residence along with 612 bricks of heroin from Defendant's

garage. For his participation in this serious crime, Defendant's sentencing guideline range was 70-87 months' imprisonment and a term of four years mandatory supervised release. Defendant was sentenced to 60 months' imprisonment and four years supervised release, and he has completed roughly 29 months of his four-year term of supervised release.

The Court commends Defendant on successfully completing over half of his supervised release in an admirable fashion, and he may contact his probation officer to discuss any additional employment opportunities in other jurisdictions. However, in an effort to continue to protect the public from the serious crime that Defendant admittedly committed, to avoid unwarranted sentencing disparities, and because Defendant has not proffered any new or unforeseen circumstances that would suggest to this Court that his supervised release should be terminated early, the Court finds that early termination is not warranted by Defendant's conduct and it is in the interest of justice for Defendant to fulfill his four-year term.

                SO ORDERED,

                s/ Arthur J. Schwab
                Arthur J. Schwab
                United States District Court Judge

Dated: July 3, 2025

cc:    All ECF Counsel of Record

       Marvin Porter
       1441 Balsam Dr.
       Allison Park, PA 15101